# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE R. ORTEGA, et al.,<br><br>                Plaintiffs,<br>vs.<br><br>BOFA COUNTRYWIDE HOME LOANS, et al.,<br><br>                Defendants. | CASE NO. 10CV2407 DMS (CAB)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Plaintiffs, non-prisoners proceeding *pro se*, have submitted a Complaint, Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed *In Forma Pauperis* ("IFP"), and a Notice of *Lis Pendens*.

**I.    Motion to Proceed IFP**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.00. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). This Court finds Plaintiffs' affidavit of assets is sufficient to show they are unable to pay the fees or post securities required to maintain this action. *See* Civil Local Rule 3.2. Accordingly, the Court grants Plaintiffs' Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

**II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Section 1915(e)(2) mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

As currently pleaded, Plaintiffs' Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted. Plaintiffs' Complaint sets forth claims for relief for cancellation of a fraudulent deed, quiet title as to Defendant Federal National Mortgage Association, fraud, declaratory relief, and notary liability. However, it lacks sufficient factual detail regarding these claims. In particular, Federal Rule of Civil Procedure 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake" and is applied by a federal court to both federal law and state law claims. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-03 (9th Cir. 2003). A pleading will be "sufficient under Rule 9(b) if it identifies the circumstances of the alleged fraud so that the defendant can prepare an adequate answer." *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995) (quotation omitted). The same is true for allegations of fraudulent conduct. *Vess*, 317 F.3d at 1103-04. In other words, fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Id.* at 1106 (quotation omitted). The elements of a fraud claim are false representation, knowledge of falsity, intent to defraud, justifiable reliance, and damages. *Id.* (quotation omitted).

1  Plaintiffs here do not plead their allegations of fraudulent conduct with sufficient particularity.

2  As to Plaintiffs' quiet title claim, they do not allege a meaningful ability or willingness to tender, nor do they provide sufficient information as to the claims adverse to the title. *See* Cal. Code Civ. Proc. § 761.020; *Karlsen v. Am. Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (1971)("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."). Nor do Plaintiffs state a present and actual controversy between the parties meriting declaratory relief. Accordingly, the Court hereby finds that Plaintiffs' Complaint must be dismissed for failing to state a claim upon which relief can be granted.

**III.   Conclusion and Order**

For these reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Proceed IFP is **GRANTED**. The Complaint is **DISMISSED** without prejudice for failure to state a claim.

**IT IS SO ORDERED.**

DATED: December 3, 2010

_____
HON. DANA M. SABRAW
United States District Judge